# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| SCOTT WADE and JENNIFER WADE His Wife, </br>   Plaintiffs, </br> v. </br> FORD MOTOR COMPANY, </br>   Defendant. | Case No. 4:23-CV-8-JHM </br></br> (Removed from the Circuit Court for Muhlenburg County, Kentucky, Case No. 22-CI-00425) |

## DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel, hereby removes this case pursuant to 28 U.S.C. §§ 1441 and 1446 from the Circuit Court for Muhlenburg County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky. In support thereof, Ford avers as follows:

1. Plaintiffs Scott Wade and Jennifer Wade, his wife, filed an action styled *Scott Wade and Jennifer Wade v. Ford Motor Company*, Case No. 22-CI-00425, in the Circuit Court of Muhlenburg County, Kentucky, on December 13, 2022. As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit 1**.

2. In Plaintiffs' Complaint, included herewith as **Exhibit 1**, Plaintiff purports to assert negligence and strict product liability claims for bodily injury pursuant to Kentucky's Product Liability Act, KRS §411.300, *et seq.*

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 diversity jurisdiction.

4. The undersigned counsel is authorized by Defendant to file this Notice of Removal and is a member of the Bar of this Court.

## PROCEDURAL STATEMENT

5. Ford was served with Plaintiffs' Complaint on December 19, 2022. Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint and Defendant's answer are attached hereto as **Exhibit 1**. Defendant answered the Complaint on January 9, 2023.

7. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of Kentucky is proper because the district and division embrace the Circuit Court of Muhlenberg County, Kentucky, where this action is currently pending. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Muhlenberg County and give written notice of the removal to Plaintiffs.

## DIVERSITY OF CITIZENSHIP

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly-joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (under §1446(a), "a defendant seeking to remove a case to federal court must

file a notice of removal 'containing a short and plain statement of grounds for removal,'" which is the same as the pleading requirements in Fed. R. Civ. P. 8(a)).

10. Based upon the Complaint and Plaintiffs' representations as to their address and residence, they are citizens of the Commonwealth of Kentucky. *See* **Exhibit 1**, hereto.

11. For diversity purposes, a corporation shall be deemed a citizen of any State by which it has been incorporated, and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Ford is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan, where it is headquartered. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is a citizen of Delaware and Michigan. Attached hereto as **Exhibit 2** is a true and correct copy of the most recent annual report for Ford Motor Company on file with the Kentucky Secretary of State, evidencing Defendant's state of incorporation and principal place of business.

13. Therefore, complete diversity exists between Plaintiff and Ford. 28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

14. Although Plaintiffs do not articulate a specific amount of damages in the Complaint, the damages claimed by them plainly exceed $75,000, exclusive of interest and costs.

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016) (where complaint did not state amount in controversy, the notice of removal satisfied the amount-in-controversy requirement by stating that the amount in controversy exceeded $75,000); *Hume v.*

*Quickway Transp., Inc.*, 2016 WL 3349334, at *3 (June 15, 2016). No submission of evidence accompanying the removal notice is required. *Dart Cherokee*, 135 U.S. at 89.

16. Plaintiff Scott Wade alleges that he seeks compensatory damages for mental and physical pain and suffering both of a temporary and permanent nature, has incurred hospital, medical and other rehabilitation expenses, and alleges that he will be caused to expend additional monies in the future, alleges loss of the ability to lead and enjoy a normal life, as well as damages for lost wages and the impairment of his future earning capacity, and punitive damages.[1] *See* **Exhibit 1**, Complaint ¶¶ 31, 40-41.

17. Here, if Plaintiffs are successful, an award of medical expenses and other compensatory damages for physical pain, mental anguish, medical expenses, loss wages, impairment of future earning capacity and punitive damages could easily exceed the minimum $75,000.

## CONCLUSION

18. Because there exists complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

19. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Muhlenberg County, Kentucky.

---

[1] Defendant disputes that Plaintiffs would actually be entitled to this amount (or *any* amount) of damages and avers only that this is the amount *in controversy*.

Respectfully submitted,

TURNER, KEAL & BUTTON, PLLC

By: <u>s/R. Thad Keal</u>
  R. Thad Keal
  10624 Meeting St., #101
  Prospect, KY 40059
  Telephone: (502) 426-5110
  Facsimile: (502) 426-5119
  tkeal@turnerkeal.com
  *Counsel for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 17, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Kentucky using the CM/ECF system, and a true and correct copy of the foregoing was sent via electronic mail, to:

Joe Harrison Wade, II
Morgan & Morgan
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jwade@forthepeople.com
*Counsel for Plaintiffs*

               <u>s/R. Thad Keal</u>
               R. Thad Keal
               *Attorney for Defendant*